```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
  UNITED STATES OF AMERICA       :    SEALED INDICTMENT
                                 :
         - v. -                  :    22 Cr.
                                 :
  BOSS TERRELL,                  :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - x
```

22 CRIM 343

**COUNT ONE**

**(Racketeering Conspiracy)**

The Grand Jury charges:

The Enterprise

1.   At all times relevant to this Indictment, BOSS TERRELL, the defendant, and others known and unknown, were members and associates of WashSide or Wash ("Wash" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts involving murder and robbery, the interstate transportation and sale of stolen property, access device fraud, wire fraud, and narcotics trafficking.  Wash operated principally in the Bronx, New York.

2.   Wash, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.  At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce.  BOSS TERRELL, the defendant, participated in the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the affairs of the Enterprise.

Purposes of the Enterprise

3.    The purposes of the Enterprise included the following:

a.    Preserving and protecting the power and territory of the Enterprise through murder, other acts of violence, and threats of violence.

b.    Promoting and enhancing the Enterprise and the reputation and activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Enriching the members and associates of the Enterprise through, among other things, robbery, access device fraud, wire fraud, the interstate transportation and sale of stolen property, and the distribution of controlled substances, including cocaine base, in a form commonly referred to as "crack," and marihuana.

e.    Assisting members and associates of the

Enterprise who committed crimes for and on behalf of the Enterprise, including members and associates who were imprisoned for those crimes.

### Means and Methods of the Enterprise

4. The means and methods employed by the members and associates of the Enterprise in conducting and participating in the conduct of the affairs of the Enterprise included the following:

    a. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder and robbery, to protect and expand the criminal operations, power, and territory of the Enterprise, and against rival gangs.

    b. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder and robbery, against rival gang members and other individuals.

    c. Members and associates of the Enterprise promoted and celebrated, including in music and on social media, the crimes of the Enterprise, namely acts of violence, including murder and robbery, the use and possession of firearms, the interstate transportation and sale of stolen property, and dealing in controlled substances.

    d. Members and associates of the Enterprise

3

obtained, possessed, and used firearms.

  e. Members and associates of the Enterprise dealt in controlled substances, including crack and marihuana.

  f. Members and associates of the Enterprise robbed or otherwise stole from commercial establishments both inside and outside the City and State of New York, in certain cases transporting and selling stolen property in interstate commerce.

  g. Members and associates of the Enterprise committed access device and wire fraud through the fraudulent use of credit and debit cards stolen from other individuals.

## The Racketeering Conspiracy

5. From at least in or about 2015, up to and including in or about June 2022, in the Southern District of New York and elsewhere, BOSS TERRELL, the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in paragraphs 1 through 4 of this Indictment, namely, Wash, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Wash through a pattern of racketeering activity, as that term is defined in

Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

    a.   multiple acts involving murder, chargeable under the following provisions of state law:  New York Penal Law Sections 125.25 and 125.27 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

    b.   multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting), and Rhode Island General Laws Sections 11-1-1 and 11-39-1 (robbery), 11-1-6 (conspiracy), 11-1-1 (attempt), and 11-1-3 (aiding and abetting);

    c.   multiple acts indictable under Title 18, United States Code, Section 1951 (relating to robbery);

    d.   multiple acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property);

    e.   multiple acts indictable under Title 18, United States Code, Section 1029 (relating to access device fraud);

    f.   multiple acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and

    g.   multiple offenses involving the distribution of controlled substances, including crack and marihuana, in

violation of laws of the United States, to wit, Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

6. It was a part of the conspiracy that BOSS TERRELL, the defendant, agreed that a conspirator would commit two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Notice of Special Sentencing Factors

7. On or about June 26, 2020, in the Southern District of New York, BOSS TERRELL, the defendant, and others known and unknown, intentionally and knowingly murdered and aided and abetted the murder of Tyrone Almodovar in the Bronx, New York, in violation of New York Penal Law Sections 125.25. 125.27 and 20.00, in that, (i) with intent to cause the death of another person, TERRELL, and others known and unknown, caused the death of Almodovar, and aided and abetted the same, and (ii) under circumstances evincing a depraved indifference to human life, TERRELL, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Almodovar, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d))

## COUNT TWO

### (Murder in Aid of Racketeering)

The Grand Jury further charges:

8. At all times relevant to this Indictment, Wash, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

9. At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to robbery); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate

transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to access device fraud); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

10.  On or about June 26, 2020, in the Southern District of New York, BOSS TERRELL, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered and aided and abetted the murder of Tyrone Almodovar in the Bronx, New York, in violation of New York Penal Law Sections 125.25, 125.27, and 20.00, in that, (i) with intent to cause the death of another person, TERRELL, and others known and unknown, caused the death of Almodovar, and aided and abetted the same, and (ii) under circumstances evincing a depraved indifference to human life, TERRELL, and others known and unknown, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Almodovar, and aided and abetted

the same.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT THREE

### (Use of a Firearm for Murder)

The Grand Jury further charges:

11. On or about June 26, 2020, in the Southern District of New York, BOSS TERRELL, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely the murder in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry a firearm, and in furtherance of such crime of violence, did possess a firearm, and in the course thereof did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same, to wit, TERRELL and others known and unknown shot and killed Tyrone Almodovar in the Bronx, New York, and aided and abetted the shooting and killing of Almodovar.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT FOUR

**(Attempted Murder and Attempted Assault
with a Dangerous Weapon in Aid of Racketeering)**

The Grand Jury further charges:

12.  At all times relevant to this Indictment, Wash, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

13.  At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to robbery); acts indictable under Title 18, United

States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to access device fraud); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

14. On or about July 29, 2020, in the Southern District of New York, BOSS TERRELL, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder and attempted to assault with a dangerous weapon other individuals, and aided and abetted the same, to wit, TERRELL used a firearm to fire shots at rival gang members in the Bronx, New York, in violation of New York Penal Law Sections 125.25, 125.27, 120.10, 120.05, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(5), (a)(6), and 2.)

11

## COUNT FIVE

**(Use of a Firearm for Attempted Murder
and Attempted Assault with a Dangerous Weapon)**

The Grand Jury further charges:

15.  On or about July 29, 2020, in the Southern District of New York, BOSS TERRELL, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, attempted murder and attempted assault with a dangerous weapon in aid of racketeering, as charged in Count Four of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, which was brandished and discharged, and did aid and abet the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT SIX

**(Robbery Conspiracy)**

The Grand Jury further charges:

16.  From at least in or about June 2020 through at least in or about August 2020, in the Southern District of New York and elsewhere, BOSS TERRELL, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and

12

the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, TERRELL agreed with one or more others to rob multiple commercial establishments.

(Title 18, United States Code, Section 1951.)

### SPECIAL FINDINGS AS TO THE MURDER OF TYRONE ALMODOVAR

17.  Counts Two and Three of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Two and Three of the Indictment, alleging the murder of Tyrone Almodovar, BOSS TERRELL, the defendant:

    a.  was 18 years of age or older at the time of the offenses;

    b.  intentionally killed Tyrone Almodovar (Title 18, United States Code, Section 3591(a)(2)(A));

    c.  intentionally inflicted serious bodily injury that resulted in the death of Tyrone Almodovar (Title 18, United States Code, Section 3591(a)(2)(B));

    d.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Tyrone Almodovar died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrone Almodovar died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

(Title 18, United States Code, Section 3591.)

### FORFEITURE ALLEGATIONS

#### Forfeiture Allegation as to Count One

18. As a result of committing the offense alleged in Count One of this Indictment, BOSS TERRELL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

   a. any interest acquired or maintained as a result of the offense alleged in Count One;

   b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense alleged in Count One; and

   c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count One.

Forfeiture Allegation as to Count Six

19. As a result of committing the offense alleged in Count Six of this Indictment, BOSS TERRELL, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including, but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

Substitute Assets Provision

20. If any of the above-described forfeitable property, as a result of any act or omission of BOSS TERRELL, the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States

Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1963; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c).)

_____        _____
FOREPERSON                       DAMIAN WILLIAMS
                                 United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**BOSS TERRELL,**

Defendant.

---

SEALED INDICTMENT

22 Cr.

(Title 18, United States Code,
Sections 924(c), 924(j), 1951, 1959,
1962(d), and 2.)

DAMIAN WILLIAMS
United States Attorney

*/signature/*
Foreperson

---

6/21/22     Filed indictment under seal
Arrest warrant issued

USMJ Gorenstein

*/initials/*