**<u>EXHIBIT A</u>**

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                        22 CR 343 (JMF)

 5   BOSS TERRELL,

 6              Defendant.               Plea
     ------------------------------x

 7
                                        New York, N.Y.
 8                                      January 26, 2024
                                        10:15 a.m.
 9

10   Before:

11
                        HON. SARAH NETBURN,
12
                                        U.S. Magistrate Judge
13
                            APPEARANCES
14
     DAMIAN WILLIAMS
15        United States Attorney for the
          Southern District of New York
16   BY:  THOMAS JOHN WRIGHT
          Assistant United States Attorney
17
     ANTHONY L. RICCO
18        Attorney for Defendant

19

20

21

22

23

24

25
```

1          (Case called)

2          MR. WRIGHT:  Good morning, your Honor, for the

3    government, United States Attorney Thomas John Wright.

4          THE COURT:  Good morning, Mr. Wright.

5          MR. RICCO:  Good morning, your Honor, Anthony Ricco

6    for Mr. Terrell.

7          THE COURT:  Good morning, Mr. Ricco and good morning,

8    Mr. Terrell.

9          THE DEFENDANT:  Good morning, Judge.

10          THE COURT:  Sir, I have before me a consent to proceed

11    before a United States Magistrate Judge on a felony plea

12    allocution that you have signed.  What this form says is that

13    knowing you have the right to have this plea taken by a United

14    States District Judge, you are agreeing instead to have this

15    plea taken by me, a United States Magistrate Judge.

16          Is that correct?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Before you signed this form, did your

19    lawyer explain it to you?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  It is accepted.

22          Sir, you've been charged in a multicount indictment.

23    In particular, you have been charged in Count Two with

24    participating in a conspiracy to commit murder in aid of

25    racketeering, in violation of Title 18 of the United States

1    Code, Section 1959(a)(5), and in Count Five you have been

2    charged with attempted murder and assault with a dangerous

3    weapon in aid of racketeering, in violation of Title 18 of the

4    United States Code, Section 1959(a)(3), (a)(5), and 2.

5            I have been informed that you wish to change your plea

6    and enter a plea of guilty to these two counts, is that

7    correct, sir?

8            THE DEFENDANT:  Yes, that is correct, your Honor.

9            THE COURT:  Before deciding whether to accept your

10   guilty plea, I am going to ask you certain questions.  It's

11   very important that you answer these questions honestly and

12   completely.  The purpose of today's proceeding is to make sure

13   that you understand your rights, to decide whether you are

14   pleading guilty of your own free will, and to make sure that

15   you are pleading guilty because you are guilty and not for some

16   other reason.

17           Do you understand what I'm saying?

18           THE DEFENDANT:  Yes, I understand, your Honor.

19           THE COURT:  If at any point in time you don't

20   understand my questions or you want time to speak with your

21   lawyer, please say so because it's important that you

22   understand every question before you answer it.

23           Will you do that?

24           THE DEFENDANT:  Yes, I will, your Honor.

25           THE COURT:  Would you please swear in Ms. Terrell.

```
 1                (Defendant sworn)

 2                THE DEPUTY CLERK:  Please state your name for the

 3    record.

 4                THE DEFENDANT:  My name is Boss Shaheed Terrell.

 5                THE COURT:  Mr. Terrell, let me just remind you that

 6    you are now under oath and if you answer any of my questions

 7    false you can be charged with perjury.

 8                Sir, how old are you?

 9                THE DEFENDANT:  I'm 23 years old as of today.

10                THE COURT:  As of today you are 23?

11                THE DEFENDANT:  Yes.

12                THE COURT:  Is today your birthday?

13                THE DEFENDANT:  No.  My birthday just passed.  I was

14    born October 6, 2000.

15                THE COURT:  Are you a United States citizen?

16                THE DEFENDANT:  Yes, I am, your Honor.

17                THE COURT:  The reason that I ask whether you're a

18    United States citizen is because if you were found not to be a

19    United States citizen, your conviction could have serious

20    consequences for your ability to remain in the United States.

21    For example, if you were found not to be a citizen, you could

22    be removed from the United States and denied readmission to the

23    United States in the future, and you would not be able to

24    withdraw your guilty plea in light of those consequences.

25                Sir, how far did you go in school?
```

1        THE DEFENDANT:  I actually made it to 12th grade, your

2   Honor.

3        THE COURT:  You made it to 12th grade, but you didn't

4   finish?

5        THE DEFENDANT:  No, I didn't finish 12th grade.

6        THE COURT:  Do you have your GED?

7        THE DEFENDANT:  No, your Honor.

8        THE COURT:  Is that a goal of yours?

9        THE DEFENDANT:  Yes.  I'm actually in class right now

10  in MDC trying to produce my GED.

11       THE COURT:  Terrific.  How is it going?

12       THE DEFENDANT:  It's going pretty well.  I like the

13  classes there.  They don't have enough like teachers really, so

14  sometimes we are locked down a lot, so I don't have enough time

15  to go to class or be taught, but it's going well.

16       THE COURT:  I appreciate your perseverance.  It's

17  important to get your GED, so you should stick with it.

18       THE DEFENDANT:  Yes.

19       THE COURT:  Can you read English?

20       THE DEFENDANT:  Yes, I can read English.

21       THE COURT:  Are you currently or have you recently

22  been under the care of a doctor or a psychiatrist for any

23  reason?

24       THE DEFENDANT:  No, your Honor.

25       THE COURT:  Have you taken any mind-altering drugs,

6

1  medicine, or pills in the last 24 hours?

2             THE DEFENDANT:  No, your Honor.

3             THE COURT:  What about alcohol?  Have you had any

4  alcohol in the last 24 hours?

5             THE DEFENDANT:  No.

6             THE COURT:  Is your mind clear today?

7             THE DEFENDANT:  Yes, my mind is actually very clear

8  today, your Honor.

9             THE COURT:  Do you understand what's going on in these

10 proceedings?

11            THE DEFENDANT:  Yes, I do.

12            THE COURT:  Does the government have any objection to

13 the defendant's competence to enter a guilty plea at this time?

14            MR. WRIGHT:  No, your Honor.

15            THE COURT:  Counsel, any objection?

16            MR. RICCO:  No, your Honor, none whatsoever.

17            THE COURT:  Thank you.

18            Sir, have you received a written version of the

19 charges against you in this case known as the indictment?

20            THE DEFENDANT:  Yes, I have, your Honor.

21            THE COURT:  And have you read it?

22            THE DEFENDANT:  Yes, I have read it multiple times.

23            THE COURT:  Do you understand what it says?

24            THE DEFENDANT:  Yes, I do.

25            THE COURT:  You have the right to have me read the

1    indictment to you in open court, if you would like, but you can

2    also waive that right.

3             Do you want me to read it to you?

4             THE DEFENDANT:  No, I don't need you to read the

5    indictment for me today, your Honor.

6             THE COURT:  As we were just discussing, you recognize

7    that you are charged in Count Two with a felony offense of

8    participating in a conspiracy to commit murder in aid of

9    racketeering and in Count Five with the attempted murder and

10   assault with a dangerous weapon in aid of racketeering.

11            Do you understand?

12            THE DEFENDANT:  Yes, I understand, your Honor.

13            THE COURT:  Have you had time to talk to your lawyer

14   about these charges and about how you wish to plead?

15            THE DEFENDANT:  Yes, we have had time to speak.

16            THE COURT:  Has he told you the consequences of

17   pleading guilty?

18            THE DEFENDANT:  Yes, I have been over the consequences

19   as well.

20            THE COURT:  Are you satisfied with your attorney's

21   representation of you?

22            THE DEFENDANT:  Yes, I am, your Honor.

23            THE COURT:  Mr. Terrell, I am now going to tell you

24   certain constitutional rights that you have.  These are rights

25   that you will be giving up if you enter a guilty plea.

1          Please listen carefully to what I'm about to say.  If

2    you don't understand something, please stop me and your

3    attorney or I will explain the issue more fully.  OK?

4          THE DEFENDANT:  Yes, I understand.

5          THE COURT:  Under the Constitution and the laws of the

6    United States, you have the right to plead not guilty to the

7    charges contained in this indictment.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  If you plead not guilty, you would be

11    entitled under the Constitution to a speedy and public trial by

12    a jury of those charges.  At that trial you would be presumed

13    innocent and the government would be required to prove you

14    guilty beyond a reasonable doubt before you could be found

15    guilty.  That means you would not have to prove that you were

16    innocent, and you would not be convicted unless a jury of 12

17    people agreed unanimously that you are guilty beyond a

18    reasonable doubt.

19          Do you understand that?

20          THE DEFENDANT:  Yes, I understand, your Honor.

21          THE COURT:  If you decided to go to trial, at that

22    trial, and at every stage of your case, you would have the

23    right to be represented by an attorney.  If you could not

24    afford an attorney, one would be appointed to represent you at

25    the government's expense and at no cost to you.  If you had

1   retained counsel and ran out of money, an attorney would be

2   appointed to continue to represent you.  When an attorney is

3   appointed, that attorney is appointed to handle your case all

4   the way through to trial and not just for a guilty plea.  So

5   your decision to plead guilty here today should not depend on

6   whether you can afford to hire an attorney.

7           Do you understand that?

8           THE DEFENDANT:  Yes, I understand, your Honor.

9           THE COURT:  During a trial, the witnesses for the

10  prosecution would have to come to court and testify in your

11  presence, where you could see and hear them and your lawyer

12  could cross-examine those witnesses and, if you wanted, your

13  lawyer could offer evidence on your behalf.  You would be able

14  to use the Court's power to compel witnesses to come to court

15  and testify in your defense, even if they did not want to.

16          Do you understand that?

17          THE DEFENDANT:  Yes, I understand.

18          THE COURT:  At a trial, you would have the right to

19  testify in your own defense if you wanted to, but you would

20  also have the right not to testify.  And if you chose not to

21  testify, that cannot be used against you in any way.  No

22  inference or suggestion of guilt can be made from the fact that

23  you did not testify.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I understand, your Honor.

1          THE COURT:  If you were convicted at trial, you would

2     have the right to appeal that verdict to a higher court.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And as I said before, you have the right

6     to plead not guilty.  Even right now, even as you sit here

7     today for the purposes of entering a guilty plea, you have the

8     right to change your mind, persist in your not-guilty plea, and

9     proceed to trial.

10          But if you do plead guilty and I accept your plea, you

11     will give up a trial and all of the other rights that I have

12     just described.  If you plead guilty, there will be no trial.

13     All that will remain to be done will be to impose a sentence.

14     You and the government will have a chance to make arguments

15     about what that sentence should be, but there will not be any

16     further trial to determine whether you are guilty or not guilty

17     of the charges to which you pled guilty.

18          Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Do you understand that the decision as to

21     the appropriate sentence in your case will be entirely up to

22     the sentencing judge and that that judge will be limited only

23     by what the law requires.  This means that even if you were

24     surprised or disappointed by your sentence, you will still be

25     bound by your guilty plea.

1          Do you understand that?

2          THE DEFENDANT:  Yes, I understand, your Honor.

3          THE COURT:  Finally, if you do plead guilty, you are

4    also giving up your right not to incriminate yourself, and I

5    will ask you questions about what you did in order to satisfy

6    myself that you are actually guilty.  By pleading guilty you

7    are admitting to your factual as well as your legal guilt.

8          Do you understand that?

9          THE DEFENDANT:  Yes, I understand.

10          THE COURT:  You said earlier that you have read the

11    indictment containing the two felony offense charges that we

12    have been discussing.  If the case were to proceed to trial,

13    the government would be required to prove each of the elements

14    of those charges beyond a reasonable doubt.

15          So I am now going to ask the Assistant United States

16    Attorney to state the elements of Counts Two and Five.

17          MR. WRIGHT:  Thank you very much, your Honor.

18          Your Honor, if this case proceeded to trial, then the

19    government would be prepared to prove beyond a reasonable doubt

20    each of the elements of Count Two and Count Five of the S1

21    indictment.

22          Count Two charging the defendant with participating in

23    a conspiracy to commit murder in aid of racketeering, in

24    violation of 18, United States Code, Section 1959(a)(5), has

25    five elements.

1          The first element is that an enterprise affecting

2     interstate commerce existed.

3          The second element is that the enterprise was engaged

4     in racketeering activity.

5          The third element is that the defendant had or was

6     seeking a position in the enterprise.

7          The fourth element is that the defendant committed the

8     alleged crime of violence, to wit, conspiracy to commit murder,

9     in violation of New York Penal Law, Sections 125.25 and 105.15,

10    in that there was an agreement to cause the death of another

11    person or to engage in conduct which created a grave risk of

12    death to another person.  The defendant joined this agreement

13    and one coconspirator committed at least one act in furtherance

14    of the agreement.

15         The fifth element is that the defendant's general

16    purpose in committing the crime of violence was to maintain or

17    increase his position in the enterprise or in consideration for

18    the receipt of anything of value.

19         In addition, your Honor, it would be necessary both

20    with respect to Count Two and Count Five, and I'll not repeat

21    it for that reason, for the government to show that venue lies

22    in the Southern District of New York by a preponderance of the

23    evidence.

24         Your Honor, with respect to Count Five, which charges

25    the defendant with attempted murder and assault with a

1    dangerous weapon in aid of racketeering, in violation of 18

2    United States Code Sections 1959(a)(3), (a)(5), and Section 2,

3    there are also five elements.

4            The first element is that an enterprise affecting

5    interstate commerce existed.

6            The second element is that the enterprise was engaged

7    in racketeering activity.

8            The third element is that the defendant had or was

9    seeking a position in the enterprise.

10           The fourth element is that the defendant committed the

11   alleged crimes of violence, to wit, attempted murder in

12   violation of New York Penal Law, Sections 125.25, 110, and 20,

13   and assault with a dangerous weapon, in violation of New York

14   Penal Law, Sections 120.14 and 20, in that with an intent to

15   cause the death of another person, the defendant attempted to

16   cause the death of rival gang members and aided and abetted the

17   same, and the defendant intentionally placed another person in

18   reasonable fear of physical injury, serious physical injury or

19   death, by displaying a deadly weapon, dangerous instrument, or

20   what appears to be a firearm and, again, aided and abetted the

21   same.

22           The fifth element is that the defendant's general

23   purpose, again, in committing the crimes of violence was to

24   maintain or increase his position in the enterprise or in

25   consideration for the receipt of anything of value.

1              Thank you, your Honor.

2              THE COURT:  Thank you.

3              Mr. Terrell, I am now going to tell you the

4    possibility maximum penalties for these crimes.  The maximum

5    means the most that could possibly be imposed.  It does not

6    necessarily mean this is what you will receive, but you have to

7    understand that by pleading guilty here today you are exposing

8    yourself to the possibility of receiving any combination of

9    punishments up to the maximum that I'm about to describe.

10             Do you understand that?

11             THE DEFENDANT:  Yes, I understand, your Honor.

12             THE COURT:  First, I am going to tell you about the

13   possible restrictions on your liberty.

14             With respect to Count Two, which charges participating

15   in a conspiracy to commit murder in aid of racketeering, that

16   count carries a maximum term of imprisonment of ten years and a

17   maximum term of supervised release of three years.

18             With respect to Count Five, which charges you with

19   attempted murder and assault with a dangerous weapon in aid of

20   racketeering, that count carries a maximum term of imprisonment

21   of 20 years and a maximum term of supervised release of three

22   years.

23             This means that the total maximum term of imprisonment

24   for Counts Two and Five is 30 years.

25             Let me advise you about supervised release.

1   Supervised release means that if you are sentenced to prison

2   and thereafter released from prison, you may be subject to

3   supervision by the probation department.  You should understand

4   that if you are placed on supervised release and then you

5   violate any of the terms or conditions of that release, the

6   district judge that sentenced you can revoke your term of

7   supervised release and then return you to prison without giving

8   you any credit for the time that you served on postrelease

9   supervision.

10          Do you understand that?

11          THE DEFENDANT:  Yes, I understand, your Honor.

12          THE COURT:  Second, in addition to these restrictions

13  on your liberty, the maximum possible penalties also include

14  certain financial penalties.  In this case the maximum

15  allowable fine for each of the two counts is the greater of

16  $250,000 or twice what was made by the criminal activity or

17  twice what someone other than yourself lost because of the

18  criminal activity.  In addition, there is a mandatory special

19  assessment of $100 that must be imposed for each count of

20  conviction, so a total of $200.

21          Sir, has anyone threatened you or coerced you in any

22  way to get you to plead guilty?

23          THE DEFENDANT:  No, your Honor, no one has threatened

24  me or coerced me to get me to plead guilty today.

25          THE COURT:  Has anyone promised you or offered you

1   anything other than the government, and solely by way of this

2   plea agreement, have they offered you anything to get you to

3   plead guilty?

4          THE DEFENDANT:  No, your Honor, no one has offered me

5   to get me to plead guilty today.

6          THE COURT:  As I just referenced, there is an

7   agreement between you and the government concerning this plea,

8   is that correct?

9          THE DEFENDANT:  Yes, your Honor, there is a signed

10  agreement between me and the government for this plea

11  agreement.

12         THE COURT:  Did you read the agreement?

13         THE DEFENDANT:  Yes, I read the agreement several

14  times.

15         THE COURT:  Did you have a chance to talk to your

16  lawyer about it?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  And did you read it and talk to your

19  lawyer before you signed it?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  I want to go over some of the important

22  terms of this agreement.

23         In this agreement you and the government have

24  stipulated to the appropriate calculation for your sentence

25  under the sentencing guidelines, and you have agreed that the

1  appropriate is guidelines range here is between 292 to 365

2  months' imprisonment.

3          MR. WRIGHT:  Your Honor, excuse me.  It is 365 months,

4  your Honor --

5          THE COURT:  I'm getting there.  I'm like literally in

6  the middle of the sentence.

7          MR. WRIGHT:  Your Honor, forgive me.

8          THE COURT:  As I was saying, the calculation for your

9  sentence would be between 292 months and 365 months of

10 imprisonment.  However, because there is a statutory maximum

11 that would cap at 360 months' imprisonment, the parties have

12 stipulated to a guidelines range of between 292 months and 360

13 months' imprisonment.

14          Do you understand that?

15          THE DEFENDANT:  Yes, I understand, your Honor.

16          THE COURT:  Mr. Wright, is that correct?

17          MR. WRIGHT:  It certainly is.  Thank you very much,

18 your Honor.

19          THE COURT:  In addition, you and the government have

20 agreed as to the appropriate fine range in this case, between

21 $50,000 and $500,000.

22          Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Both you and the government have agreed

25 that neither party will seek a departure or an adjustment

 1    pursuant to the guidelines that's not otherwise set forth in

 2    this agreement.

 3              Do you understand that?

 4              THE DEFENDANT:  Yes, I understand, your Honor.

 5              THE COURT:  However, either party may seek a sentence

 6    that is outside of the stipulated guidelines range based on the

 7    factors that are set forth in our sentencing statute, which you

 8    can find at Title 18 of the United States Code, Section

 9    3553(a).

10              Do you understand that?

11              THE DEFENDANT:  Yes, I understand, your Honor.

12              THE COURT:  In this agreement you have agreed to make

13    restitution in an amount ordered by the Court.

14              Do you understand that?

15              THE DEFENDANT:  Yes, I understand.

16              THE COURT:  In addition, in this agreement you have

17    limited in certain respects your ability to appeal from your

18    conviction and sentence.

19              Do you understand that?

20              THE DEFENDANT:  Yes, your Honor.

21              THE COURT:  Specifically, you have agreed that you

22    will not file a direct appeal or bring a collateral challenge,

23    sometimes called a habeas motion, or seek a sentence

24    modification so long as your sentence is within or below the

25    stipulated guidelines range of 292 to 360 months' imprisonment.

1          Do you understand that?

2          THE DEFENDANT:  Yes, I understand, your Honor.

3          THE COURT:  In addition, you have agreed that you will

4    not appeal or bring a collateral challenge to any term of

5    supervised release that is less than or equal to the statutory

6    maximum of three years.

7          Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  You've also agreed that you will not

10   appeal or bring a collateral challenge to any fine that is less

11   than or equal to $500,000.

12         Do you understand that?

13         THE DEFENDANT:  Yes, I understand, your Honor.

14         THE COURT:  And the government has committed to moving

15   to dismiss any open counts at the time of your sentencing.

16         Do you understand that?

17         THE DEFENDANT:  Yes, I do.

18         THE COURT:  And the government confirms that?

19         MR. WRIGHT:  Yes, your Honor.

20         THE COURT:  Sir, one of the most important things for

21   you to understand is that this agreement is not binding on the

22   sentencing judge, and that the sentencing judge can reject the

23   recommendations and calculations set forth in this agreement

24   without allowing you to withdraw your guilty plea.

25         Do you understand that?

1              THE DEFENDANT:  Yes, I understand.

2              THE COURT:  The sentencing judge is required to make

3     his own independent calculation under the sentencing guidelines

4     and impose a sentence based on what he believes is appropriate,

5     even if it is different than the one in this agreement.

6              Do you understand that?

7              THE DEFENDANT:  Yes, I understand, your Honor.

8              THE COURT:  In determining that sentence, the Court

9     will consider, in addition to the guidelines and any departures

10    from those guidelines, all of the factors that are set forth in

11    the sentencing statute, which I referenced a moment ago and

12    which you can find at Title 18 of the United States Code,

13    Section 3553(a).

14             Those factors include the nature and circumstances of

15    the offense and the history and characteristics of you, the

16    defendant, the need for the sentence imposed, the kinds of

17    sentences that are available, the sentencing range provided

18    under the guidelines, and the need to avoid sentencing

19    disparities, and the need to provide restitution to victims.

20             In addition, the Court will consider the presentence

21    report, which is prepared by the probation department in

22    advance of your sentencing.

23             Before you are sentenced, you and the government will

24    have an opportunity to challenge the facts that are reported by

25    the probation officer.

1          Do you understand all of that?

2          THE DEFENDANT:  Yes, I understand everything, your

3     Honor.

4          THE COURT:  Mr. Terrell, now that you have been

5     advised of the charges against you and the possible penalties

6     that you face and the rights that you are giving up, is it

7     still your intention to plead guilty to Counts Two and Five of

8     the superseding indictment?

9          THE DEFENDANT:  Yes, your Honor, it's still my

10    intention to plead guilty to the Counts two and Five Of my

11    indictment.

12         THE COURT:  With respect to Count Two, which charges

13    conspiracy to commit murder in aid of racketeering, how do you

14    plead?

15         THE DEFENDANT:  I plead guilty.

16         THE COURT:  With respect to Count Five, which charges

17    you with attempted murder and assault with a dangerous weapon

18    in aid of racketeering, how do you plead?

19         THE DEFENDANT:  I plead guilty, your Honor.

20         THE COURT:  Can you tell me in your own words what you

21    did to make you believe that you are guilty of these charges.

22         THE DEFENDANT:  Actually, on the date of June 26,

23    2020, I did conspire to cause the murder of Tyrone Almodovar

24    with others, and, on the date of July 29, 2020, I did actually

25    try to assault or cause the attempted murder of a rival member,

 1   a rival gang member, to be exact, your Honor.

 2          THE COURT:  Is it fair to assume that if you are

 3   trying to assault a rival gang member that you yourself were in

 4   a gang?

 5          THE DEFENDANT:  Yes, your Honor.

 6          THE COURT:  Did you engage in these acts in connection

 7   with your membership with that gang?

 8          THE DEFENDANT:  I'm sorry.  Can you repeat the

 9   question, your Honor.

10          THE COURT:  Did you engage in these acts or attempted

11   acts as a member of that gang?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  And did you do so for the purpose of

14   either maintaining your position in the gang or trying to rise

15   up through the ranks of the gang?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Mr. Wright, is that a sufficient

18   allocution, or do we need questions about the racketeering

19   activity?

20          MR. WRIGHT:  Your Honor, if I can just take one

21   moment.

22          THE COURT:  Sure.

23          MR. WRIGHT:  Your Honor, as I discussed with counsel

24   for the defendant, with the leave of the Court or through the

25   Court, the government would respectfully propose just two

1    additional points of allocution.

2             The first, your Honor, has to do with Count Five of

3    the indictment.  That is, your Honor, just to confirm with

4    Mr. Terrell that the firearm that he used to shoot at these

5    rival gang members was visible at the time that he used it to

6    shoot.

7             THE COURT:  Visible to the naked eye?

8             MR. WRIGHT:  Visible to those gang members that he was

9    shooting at.

10            THE COURT:  I see.

11            Sir, in connection with Count Five, which you said, I

12   believe -- was that the incident that happened on July 29?

13            MR. RICCO:  Yes, your Honor.

14            THE COURT:  On that day, when you were using your

15   firearm, was it out in the open and visible to others?

16            THE DEFENDANT:  Yes, your Honor.  On the date of July

17   29, 2020, there is discovery evidence of me walking

18   approximately up the block with a firearm in my hand on video.

19            THE COURT:  You can see the firearm in that video?

20            THE DEFENDANT:  Yes, you can, your Honor.

21            MR. WRIGHT:  Your Honor, second, as discussed with

22   counsel to Mr. Terrell, the government would propose that the

23   Court allocute Mr. Terrell whether as a member of Wash, the

24   gang that he was a member of and relevant to both Counts Two

25   and Five, he is a member of Wash and together with other

1   members of Wash transported stolen goods from outside of New

2   York into New York State.

3          THE COURT:  Thank you.

4          Mr. Terrell, I want to confirm as part -- you were a

5   member of the Wash gang, is that correct?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  And as part of that membership were you

8   involved or were you aware that others were involved in

9   bringing stolen goods from outside of New York State into New

10  York State?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Any other questions, Mr. Wright?

13         MR. WRIGHT:  Your Honor, I believe that it was stated

14  with respect to both counts, but just for the purposes of

15  venue, the government would proffer that both of these

16  incidents, the first involving the murder of Tyrone Almodovar

17  and, second, the shooting that Mr. Terrell discussed on July

18  29, 2020, both occurred in the Bronx, New York.

19         THE COURT:  Thank you.

20         Mr. Terrell, can you confirm that?

21         THE DEFENDANT:  Yes, your Honor.  In fact, it did

22  happen in the Bronx.

23         THE COURT:  Thank you.

24         Does the government represent that it has sufficient

25  evidence to prove the defendant guilty beyond a reasonable

1    doubt?

2           MR. WRIGHT:  Yes, your Honor.  If this case proceeded

3    to trial, the government would be prepared to prove the guilt

4    of the defendant, Mr. Terrell, through a combination of

5    evidence with respect to Count Two and Count Five of the

6    indictment.

7           That evidence, your Honor, would include the testimony

8    of law enforcement officers who were involved in the

9    surveillance, as well as the seizure from and arrest of members

10   of Wash, including the defendant, Mr. Terrell.

11          In addition, your Honor, there would be testimony from

12   members of the public, including individuals who were witnesses

13   to the two acts of violence that Mr. Terrell described on the

14   record today.  There would also be, your Honor, evidence in the

15   form of social media postings, photographs and videos and texts

16   concerning Wash and its membership.  And, finally, your Honor,

17   there would be testimony from multiple members of Wash

18   concerning their participation in certain of these acts, as

19   well as the nature of the gang, its membership, and the

20   duration of its activities.

21          THE COURT:  Thank you.

22          Mr. Terrell, on the basis of your responses to my

23   questions and my observation of your demeanor, I find that you

24   are competent to enter a guilty plea.  I'm satisfied that you

25   understand your rights, including your right to go to trial,

1    that you are aware of the consequences of your plea, including

2    the sentence that may be imposed, that you are voluntarily

3    pleading guilty, and that you have admitted that you are guilty

4    as charged in Counts Two and Five of the indictment.

5           For these reasons, I will recommend to District Judge

6    Furman that he accept your plea of guilty as to Counts Two and

7    Five of the indictment.

8           I'll direct the government to order a copy of the

9    transcript and submit it to Judge Furman so that he may act on

10   my recommendation.

11          Has he set a sentencing date?

12          MR. WRIGHT:  He has, your Honor.  May 15, 2024, at 3

13   p.m.

14          THE COURT:  Thank you.

15          I will direct that the presentence report be prepared.

16          Can you deliver a case summary to probation within the

17   next 14 days.

18          MR. WRIGHT:  Certainly, your Honor.

19          THE COURT:  Thank you.

20          Can you and your client be available to be interviewed

21   in the next 14 days.

22          MR. RICCO:  Yes, your Honor, we will.

23          THE COURT:  Anything further from the government?

24          MR. WRIGHT:  No.  Thank you very much, your Honor.

25          THE COURT:  Anything further from the defense?

1          MR. RICCO:  No, your Honor.  Thank you very much.

2          THE COURT:  Thank you, everybody.  We are adjourned.

3          (Adjourned)