**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :    SEALED
                               :    SUPERSEDING INDICTMENT
         - v. -                :
                               :    S1 22 Cr. 343 (JMF)
BOSS TERRELL,                  :
     a/k/a "Sauce,"            :
YAUREL CENTENO,                :
     a/k/a "Flex,"            :
LYDELL SEYMORE,                :
     a/k/a "Bugout,"          :
DARRELL SPENCER,               :
     a/k/a "Rell,"            :
ISAIAH THOMAS,                 :
     a/k/a "Zay,"             :
     a/k/a "Chicago,"         :
JACOB BAKER,                   :
TYSHAWN BROGDON,               :
     a/k/a "Shawn,"           :
RASHEED CHAPMAN,               :
     a/k/a "Ra,"             :
MAMADOU DIALLO,                :
     a/k/a "Haji,"            :
     a/k/a "Aladje,"          :
ANTWAN MOSLEY,                 :
     a/k/a "Ant," and        :
NOEL CARR,                     :
     a/k/a "Noey,"            :
                               :
                  Defendants.  :
                               :

- - - - - - - - - - - - - - - x

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.   At all times relevant to this Indictment, BOSS

TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," LYDELL

SEYMORE, a/k/a "Bugout," DARRELL SPENCER, a/k/a "Rell," ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," JACOB BAKER, TYSHAWN BROGDON, a/k/a "Shawn," RASHEED CHAPMAN, a/k/a "Ra," MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the defendants, and others known and unknown, were members and associates of WashSide or Wash ("Wash" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other things, acts involving murder, assault, and robbery, the interstate transportation and sale of stolen property, access device fraud, wire fraud, and controlled substances trafficking. Wash and one of its subsets, Everything4DayDay or E4D ("E4D"), operated principally in the Bronx, New York but was also active elsewhere, both inside and outside the City and State of New York.

2.   Wash, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. BOSS

2

TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," LYDELL
SEYMORE, a/k/a "Bugout," DARRELL SPENCER, a/k/a "Rell," ISAIAH
THOMAS, a/k/a "Zay," a/k/a "Chicago," JACOB BAKER, TYSHAWN
BROGDON, a/k/a "Shawn," RASHEED CHAPMAN, a/k/a "Ra," MAMADOU
DIALLO, a/k/a "Haji," a/k/a "Aladje," ANTWAN MOSLEY, a/k/a
"Ant," and NOEL CARR, a/k/a "Noey," the defendants, participated
in the Enterprise and participated in unlawful and other
activity in furtherance of the conduct of the affairs of the
Enterprise.

### Purposes of the Enterprise

3.    The purposes of the Enterprise included the following:

a.    Preserving and protecting the power and territory
of the Enterprise through acts involving murder, other acts of
violence, and threats of violence.

b.    Promoting and enhancing the Enterprise and the
reputation and activities of its members and associates.

c.    Keeping victims and potential victims in fear of
the Enterprise and its members and associates through acts and
threats of violence.

d.    Enriching the members and associates of the
Enterprise through, among other things, robbery, access device
fraud, wire fraud, the interstate transportation and sale of
stolen property, and the distribution of controlled substances,
including cocaine base, in a form commonly referred to as

3

"crack," marihuana, and synthetic cannabinoids containing cannabimimetic agents, in a form commonly referred to as "K2."

e.    Assisting members and associates of the Enterprise who committed crimes for and on behalf of the Enterprise, including members and associates who were imprisoned for those crimes.

<u>Means and Methods of the Enterprise</u>

4.    The means and methods employed by the members and associates of the Enterprise in conducting and participating in the conduct of the affairs of the Enterprise included the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, assault, and robbery, to protect and expand the criminal operations, power, and territory of the Enterprise, and against rival gangs.

b.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including acts involving murder, assault, and robbery, against rival gang members and other individuals.

c.    Members and associates of the Enterprise promoted and celebrated, including in music and on social media, the crimes of the Enterprise, namely acts of violence, including acts involving murder, assault, and robbery, the use and

4

possession of firearms, the interstate transportation and sale of stolen property, and the distribution of controlled substances.

      d.   Members and associates of the Enterprise obtained, possessed, and used firearms.

      e.   Members and associates of the Enterprise dealt in controlled substances, including crack, marihuana, and K2.

      f.   Members and associates of the Enterprise robbed or otherwise stole from commercial establishments both inside and outside the City and State of New York, in certain cases transporting and selling stolen property in interstate commerce.

      g.   Members and associates of the Enterprise committed access device and wire fraud through the fraudulent use of credit and debit cards stolen from other individuals.

The Racketeering Conspiracy

    5.   From at least in or about 2015, up to and including in or about December 2022, in the Southern District of New York and elsewhere, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," LYDELL SEYMORE, a/k/a "Bugout," DARRELL SPENCER, a/k/a "Rell," ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," JACOB BAKER, TYSHAWN BROGDON, a/k/a "Shawn," RASHEED CHAPMAN, a/k/a "Ra," MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the defendants, and others known and unknown, being persons employed

5

by and associated with the Enterprise described in paragraphs 1
through 4 of this Indictment, namely, Wash, which enterprise
engaged in, and the activities of which affected, interstate and
foreign commerce, knowingly combined, conspired, confederated,
and agreed together and with each other to violate the
racketeering laws of the United States, to wit, Title 18, United
States Code, Section 1962(c), that is, to conduct and
participate, directly and indirectly, in the conduct of the
affairs of Wash through a pattern of racketeering activity, as
that term is defined in Title 18, United States Code, Sections
1961(1) and 1961(5), consisting of:

      a.    multiple acts involving murder, chargeable under
the following provisions of state law: New York Penal Law,
Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy),
and 20.00 (aiding and abetting);

      b.    multiple acts involving robbery, chargeable under
the following provisions of state law: New York Penal Law,
Sections 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00
(attempt), and 20.00 (aiding and abetting) and Rhode Island
General Laws Sections 11-1-1 and 11-39-1 (robbery), 11-1-6
(conspiracy), 11-1-1 (attempt), and 11-1-3 (aiding and
abetting);

      c.    multiple acts indictable under Title 18, United
States Code, Section 1951 (relating to interference with

6

commerce, robbery, or extortion);

     d.   multiple acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property);

     e.   multiple acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices);

     f.   multiple acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and

     g.   multiple offenses involving the distribution of controlled substances, including crack, marihuana, and K2, in violation of laws of the United States, to wit, Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

    6.   It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

Notice of Special Sentencing Factors

    7.   On or about June 26, 2020, in the Southern District of New York, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," LYDELL SEYMORE, a/k/a "Bugout," and DARRELL SPENCER, a/k/a "Rell," the defendants, and others known and unknown,

7

intentionally and knowingly murdered and aided and abetted the
murder of Tyrone Almodovar in the Bronx, New York, in violation
of New York Penal Law, Sections 125.25 and 20.00, in that,
(i) with intent to cause the death of another person, TERRELL,
CENTENO, SEYMORE, and SPENCER, and others known and unknown,
caused the death of Almodovar, and aided and abetted the same,
and (ii) under circumstances evincing a depraved indifference to
human life, TERRELL, CENTENO, SEYMORE, and SPENCER, and others
known and unknown, recklessly engaged in conduct which created a
grave risk of death to another person, and thereby caused the
death of Almodovar, and aided and abetted the same.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Conspiracy to Commit Murder in Aid of Racketeering)

The Grand Jury further charges:

8.   At all times relevant to this Indictment, Wash, as
described in paragraphs 1 through 4 of Count One of this
Indictment, which are repeated and incorporated by reference as
though fully set forth herein, including its leadership, its
membership, and its associates, constituted an "enterprise," as
defined by Title 18, United States Code, Section 1959(b)(2),
that is, a group of individuals associated in fact, although not
a legal entity, that engaged in, and the activities of which
affected, interstate and foreign commerce.  The Enterprise

constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

9.    At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

10.    On or about June 26, 2020, in the Southern District of New York and elsewhere, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," and DARRELL SPENCER, a/k/a "Rell," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement

9

to pay, a thing of pecuniary value from Wash, and for the
purpose of gaining entrance to and maintaining and increasing
position in Wash, an enterprise engaged in racketeering
activity, as described above, conspired to murder Tyrone
Almodovar, in violation of New York Penal Law, Sections 125.25
and 105.15, to wit, TERRELL, CENTENO, SPENCER, and other members
and associates of Wash agreed to kill Almodovar in the Bronx,
New York.

(Title 18, United States Code, Section 1959(a)(5).)

### COUNT THREE
### (Murder in Aid of Racketeering)

The Grand Jury further charges:

11. At all times relevant to this Indictment, Wash, as
described in paragraphs 1 through 4 of Count One of this
Indictment, which are repeated and incorporated by reference as
though fully set forth herein, including its leadership, its
membership, and its associates, constituted an "enterprise," as
defined by Title 18, United States Code, Section 1959(b)(2),
that is, a group of individuals associated in fact, although not
a legal entity, that engaged in, and the activities of which
affected, interstate and foreign commerce. The Enterprise
constituted an ongoing organization whose members and associates
functioned as a continuing unit for a common purpose of
achieving the objectives of the Enterprise.

12. At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

13. On or about June 26, 2020, in the Southern District of New York, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," and DARRELL SPENCER, a/k/a "Rell," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above,

11

intentionally and knowingly murdered and aided and abetted the

murder of Tyrone Almodovar in the Bronx, New York, in violation

of New York Penal Law, Sections 125.25 and 20.00, in that,

(i) with intent to cause the death of another person, TERRELL,

CENTENO, SPENCER, and others known and unknown, caused the death

of Almodovar, and aided and abetted the same, and (ii) under

circumstances evincing a depraved indifference to human life,

TERRELL, CENTENO, SPENCER, and others known and unknown,

recklessly engaged in conduct which created a grave risk of

death to another person, and thereby caused the death of

Almodovar, and aided and abetted the same.

(Title 18, United States Code,
Sections 1959(a)(1) and 2.)

## COUNT FOUR
### (Use of a Firearm for Murder)

The Grand Jury further charges:

14. On or about June 26, 2020, in the Southern District of

New York, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a

"Flex," and DARRELL SPENCER, a/k/a "Rell," the defendants,

during and in relation to a crime of violence for which they may

be prosecuted in a court of the United States, namely the murder

in aid of racketeering charged in Count Three of this

Indictment, knowingly did use and carry a firearm, and in

furtherance of such crime of violence, did possess a firearm,

which firearm was brandished and discharged, and in the course

12

thereof did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same, to wit, TERRELL, CENTENO, and SPENCER shot and killed Tyrone Almodovar in the Bronx, New York, and aided and abetted the shooting and killing of Almodovar.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT FIVE
### (Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)

The Grand Jury further charges:

15. At all times relevant to this Indictment, Wash, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

16. At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering

13

activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

17. On or about July 29, 2020, in the Southern District of New York, BOSS TERRELL, a/k/a "Sauce," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder and assaulted with a dangerous weapon other individuals, and aided and abetted the same, to wit, TERRELL used a firearm to shoot at rival gang

14

members in the Bronx, New York, in violation of New York Penal

Law, Sections 125.25, 120.14, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), (a)(5), and 2.)

## COUNT SIX
**(Use of a Firearm for Attempted Murder
and Assault with a Dangerous Weapon)**

The Grand Jury further charges:

18.   On or about July 29, 2020, in the Southern District of

New York, BOSS TERRELL, a/k/a "Sauce," the defendant, during and

in relation to a crime of violence for which he may be

prosecuted in a court of the United States, namely, attempted

murder and assault with a dangerous weapon in aid of

racketeering, as charged in Count Five of this Indictment,

knowingly did use and carry a firearm, and in furtherance of

such crime did possess a firearm, which was brandished and

discharged, and did aid and abet the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT SEVEN
**(Assault with a Dangerous Weapon in Aid of Racketeering)**

The Grand Jury further charges:

19.   At all times relevant to this Indictment, Wash, as

described in paragraphs 1 through 4 of Count One of this

Indictment, which are repeated and incorporated by reference as

though fully set forth herein, including its leadership, its

15

membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

20. At all times relevant to this Indictment, Wash, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in

16

violation of Title 21, United States Code, Sections 841 and 846.

21. On or about June 13, 2021, in the Southern District of New York and elsewhere, NOEL CARR, a/k/a "Noey," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, knowingly assaulted with a dangerous weapon another individual, and aided and abetted the same, to wit, CARR, and other members and associates of Wash attacked a rival gang member ("Victim-1"), during which attack one or more members and associates of Wash slashed Victim-1 with a knife, in the Bronx, New York, and aided and abetted the same, in violation of New York Penal Law, Sections 120.05 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT EIGHT
### (Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)

The Grand Jury further charges:

22. At all times relevant to this Indictment, Wash, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an "enterprise," as

17

defined by Title 18, United States Code, Section 1959(b)(2),
that is, a group of individuals associated in fact, although not
a legal entity, that engaged in, and the activities of which
affected, interstate and foreign commerce.  The Enterprise
constituted an ongoing organization whose members and associates
functioned as a continuing unit for a common purpose of
achieving the objectives of the Enterprise.

  23.  At all times relevant to this Indictment, Wash,
through its members and associates, engaged in racketeering
activity, as that term is defined in Title 18, United States
Code, Sections 1959(b)(1) and 1961(1), namely acts involving
murder, in violation of New York Penal Law, and robbery, in
violation of New York Penal Law and Rhode Island General Law;
acts indictable under Title 18, United States Code, Section 1951
(relating to interference with commerce, robbery, or extortion);
acts indictable under Title 18, United States Code, Sections
2314 and 2315 (relating to interstate transportation of stolen
property); acts indictable under Title 18, United States Code,
Section 1029 (relating to fraud and related activity in
connection with access devices); acts indictable under Title 18,
United States Code, Section 1343 (relating to wire fraud); and
offenses involving the distribution of controlled substances, in
violation of Title 21, United States Code, Sections 841 and 846.

18

24.   On or about August 31, 2021, in the Southern District of New York, ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago" and ANTWAN MOSLEY, a/k/a "Ant," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder and assaulted with a dangerous weapon other individuals, and aided and abetted the same, to wit, THOMAS and MOSLEY, and other members and associates of Wash, used a firearm to shoot at rival gang members in the Bronx, New York, striking two bystanders, in violation of New York Penal Law, Sections 125.25, 120.05, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), (a)(5), and 2.)

### COUNT NINE
**(Use of a Firearm for Attempted Murder
and Assault with a Dangerous Weapon)**

The Grand Jury further charges:

25.   On or about August 31, 2021, in the Southern District of New York, ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago" and ANTWAN MOSLEY, a/k/a "Ant," the defendants, during and in relation to a crime of violence for which they may be prosecuted

in a court of the United States, namely, attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Eight of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, which was brandished and discharged, and did aid and abet the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT TEN
### (Attempted Murder and Assault with a Dangerous Weapon in Aid of Racketeering)

The Grand Jury further charges:

26. At all times relevant to this Indictment, Wash, as described in paragraphs 1 through 4 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

27. At all times relevant to this Indictment, Wash,

through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, in violation of New York Penal Law, and robbery, in violation of New York Penal Law and Rhode Island General Law; acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion); acts indictable under Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); acts indictable under Title 18, United States Code, Section 1029 (relating to fraud and related activity in connection with access devices); acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud); and offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

28. On or about August 19, 2022, in the Southern District of New York, JACOB BAKER and RASHEED CHAPMAN, a/k/a "Ra," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Wash, and for the purpose of gaining entrance to and maintaining and increasing position in Wash, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to murder and assaulted with a dangerous weapon other

21

individuals, and aided and abetted the same, to wit, BAKER and CHAPMAN, and other members and associates of Wash, used a firearm to fire shots at rival gang members in the Bronx, New York, striking one bystander, in violation of New York Penal Law, Sections 125.25, 120.05, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), (a)(5), and 2.)

## COUNT ELEVEN
### (Use of a Firearm for Attempted Murder and Assault with a Dangerous Weapon)

The Grand Jury further charges:

29.   On or about August 19, 2022, in the Southern District of New York, JACOB BAKER and RASHEED CHAPMAN, a/k/a "Ra," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, attempted murder and assault with a dangerous weapon in aid of racketeering, as charged in Count Ten of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, which was brandished and discharged, and did aid and abet the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

22

## COUNT TWELVE
### (Robbery)

The Grand Jury further charges:

30.  On or about June 27, 2020, in the Southern District of New York and elsewhere, ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, THOMAS, and one or more others known, robbed a commercial establishment in Queens, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THIRTEEN
### (Use of a Firearm for Robbery)

The Grand Jury further charges:

31.  On or about June 27, 2020, in the Southern District of New York and elsewhere, ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Twelve of this Indictment, knowingly did use and carry a firearm, and in

furtherance of such crime, did possess a firearm, which firearm was brandished, and aided and abetted the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and 2.)

## COUNT FOURTEEN
### (Robbery)

The Grand Jury further charges:

32. On or about August 18, 2020, in the Southern District of New York and elsewhere, YAUREL CENTENO, a/k/a "Flex," the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, CENTENO, and one or more others known, robbed a commercial establishment in Port Chester, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FIFTEEN
### (Carjacking)

The Grand Jury further charges:

33. On or about September 17, 2021, in the Southern District of New York and elsewhere, TYSHAWN BROGDON, a/k/a "Shawn," the defendant, and one or more others known and unknown, with the intent to cause death and serious bodily harm, knowingly took a motor vehicle that had been transported, shipped, and received in

24

interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and aided and abetted the same, to wit, BROGDON carried out an armed carjacking of a car being serviced at an auto shop in the Bronx, New York.

(Title 18, United State Code, Sections 2119 and 2.)

### COUNT SIXTEEN
### (Robbery)

The Grand Jury further charges:

34.   On or about September 17, 2021, in the Southern District of New York and elsewhere, TYSHAWN BROGDON, a/k/a "Shawn," the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, BROGDON and other members and associates of Wash robbed a commercial establishment in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT SEVENTEEN
### (Use of a Firearm for Carjacking and Robbery)

The Grand Jury further charges:

35.   On or about September 17, 2021, in the Southern District of New York and elsewhere, TYSHAWN BROGDON, a/k/a "Shawn," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the

25

carjacking charged in Count Fifteen of this Indictment and the robbery charged in Count Sixteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and aided and abetted the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT EIGHTEEN
### (Carjacking)

The Grand Jury further charges:

36.  On or about December 30, 2021, in the Southern District of New York and elsewhere, LYDELL SEYMORE, a/k/a "Bugout," and MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," the defendants, with the intent to cause death and serious bodily harm, knowingly took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and aided and abetted the same, to wit, SEYMORE and DIALLO carried out an armed carjacking of a marihuana dealer's car in the Bronx, New York.

(Title 18, United State Code, Sections 2119 and 2.)

## COUNT NINETEEN
### (Robbery)

The Grand Jury further charges:

37.  On or about December 30, 2021, in the Southern District of New York and elsewhere, LYDELL SEYMORE, a/k/a "Bugout," and MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," the defendants, knowingly did commit robbery, as that term is defined in Title 18,

26

United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, SEYMORE and DIALLO robbed a marihuana dealer at gunpoint in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWENTY
### (Use of a Firearm for Carjacking and Robbery)

The Grand Jury further charges:

38.    On or about December 30, 2021, in the Southern District of New York and elsewhere, LYDELL SEYMORE, a/k/a "Bugout," and MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the carjacking charged in Count Eighteen of this Indictment and the robbery charged in Count Nineteen of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, which firearm was brandished, and aided and abetted the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), and 2.)

27

## COUNT TWENTY-ONE
### (Wire-Fraud Conspiracy)

The Grand Jury further charges:

39. From at least in or about 2015, up to and including in or about December 2022, in the Southern District of New York and elsewhere, TYSHAWN BROGDON, a/k/a "Shawn," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

40. It was a part and object of the conspiracy that TYSHAWN BROGDON, a/k/a "Shawn," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," and others known and unknown, knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, in order to obtain certain property from multiple stores in Manhattan, BROGDON, MOSELY, and CARR conspired to use fraudulently – through interstate

28

wire communications — credit and debit cards stolen from other individuals.

### COUNT TWENTY-TWO
### (Aggravated Identity Theft)

The Grand Jury further charges:

41. From at least in or about 2015, up to and including in or about December 2022, in the Southern District of New York and elsewhere, TYSHAWN BROGDON, a/k/a "Shawn," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the defendants, and others known and unknow, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and aided and abetted the same, to wit, BROGDON, MOSLEY, and CARR used and aided and abetted the use of credit and debit cards stolen from other individuals, knowing that these means of identification belonged to other people, during and in relation to the conspiracy to commit wire fraud charged in Count Twenty-One of this Indictment.

(Title 18, United States Code,
Sections 1028A(a)(1), 1028A(b), and 2.)

### SPECIAL FINDINGS AS TO THE MURDER OF TYRONE ALMODOVAR

42. Counts Three and Four of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Three and Four of the Indictment, alleging the murder

29

of Tyrone Almodovar, BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO,
a/k/a "Flex," and DARRELL SPENCER, a/k/a "Rell," the defendants:

a. were 18 years of age or older at the time of the
offenses;

b. intentionally participated in an act,
contemplating that the life of a person would be taken and
intending that lethal force would be used in connection with a
person, other than one of the participants in the offenses, and
Tyrone Almodovar died as a direct result of the act (Title 18,
United States Code, Section 3591(a)(2)(C)); and

c. intentionally and specifically engaged in an act
of violence, knowing that the act created a grave risk of death
to a person, other than one of the participants in the offense,
such that participation in the act constituted a reckless
disregard for human life and Tyrone Almodovar died as a direct
result of the act (Title 18, United States Code, Section
3591(a)(2)(D)).

(Title 18, United States Code, Section 3591.)

### FORFEITURE ALLEGATIONS

#### Forfeiture Allegation as to Count One

43. As a result of committing the offense alleged in Count
One of this Indictment, BOSS TERRELL, a/k/a "Sauce," YAUREL
CENTENO, a/k/a "Flex," LYDELL SEYMORE, a/k/a "Bugout," DARRELL
SPENCER, a/k/a "Rell," ISAIAH THOMAS, a/k/a "Zay," a/k/a

30

"Chicago," JACOB BAKER, TYSHAWN BROGDON, a/k/a "Shawn," RASHEED CHAPMAN, a/k/a "Ra," MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

   a.   any interest acquired or maintained as a result of the offense alleged in Count One;

   b.   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of as a result of the offense alleged in Count One of this Indictment; and

   c.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count One.

### Forfeiture Allegation as to
### Counts Twelve, Fourteen, Sixteen, and Nineteen

   44.   As a result of committing the offenses alleged in Counts Twelve, Fourteen, Sixteen, and Nineteen of this Indictment, BOSS TERRELL, A/K/A "SAUCE," YAUREL CENTENO, a/k/a "Flex," LYDELL SEYMORE, a/k/a "Bugout," DARRELL SPENCER, a/k/a "Rell," ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," JACOB BAKER, TYSHAWN BROGDON, a/k/a "Shawn," and MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," the defendants, shall forfeit to the United States,

31

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and
Title 28, United States Code, Section 2461(c), any and all
property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of said offenses, including,
but not limited to, a sum of money in United States currency
representing the amount of proceeds traceable to the commission of
said offenses that TERRELL, CENTENO, SEYMORE, SPENCER, THOMAS,
BAKER, BROGDON, and DIALLO personally obtained.

### Forfeiture Allegation as to Counts Fifteen and Eighteen

45. As a result of committing the offenses alleged in Counts
Fifteen and Eighteen of this Indictment, TYSHAWN BROGDON, a/k/a
"Shawn," LYDELL SEYMORE, a/k/a "Bugout," and MAMADOU DIALLO, a/k/a
"Haji," a/k/a "Aladje," the defendants, shall forfeit to the United
States, pursuant to Title 18, United States Code, Section 982(a)(5)
any and all property, real and personal, which represents or is
traceable to the gross proceeds obtained, directly or indirectly,
as a result of said offenses, including but not limited to a sum
of money in United States currency representing the amount of
proceeds traceable to the commission of said offenses.

### Forfeiture Allegation as to Count Twenty-One

46. As a result of committing the offense alleged in Count
Twenty-One of this Indictment, TYSHAWN BROGDON, a/k/a "Shawn,"
ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey," the
defendants, shall forfeit to the United States, pursuant to

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982, and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

**BOSS TERRELL, a/k/a "Sauce," YAUREL CENTENO, a/k/a "Flex," LYDELL SEYMORE, a/k/a "Bugout," DARRELL SPENCER, a/k/a "Rell," ISAIAH THOMAS, a/k/a "Zay," a/k/a "Chicago," JACOB BAKER, TYSHAWN BROGDON, a/k/a "Shawn," RASHEED CHAPMAN, a/k/a "Ra," MAMADOU DIALLO, a/k/a "Haji," a/k/a "Aladje," ANTWAN MOSLEY, a/k/a "Ant," and NOEL CARR, a/k/a "Noey,"**

Defendants.

### SEALED SUPERSEDING INDICTMENT

S1 22 Cr. 343 (JMF)

(Title 18, United States Code,
Sections 924(c), 924(j), 1028A, 1349,
1951, 1959(a), 1962(d), 2119, and 2.)

DAMIAN WILLIAMS
United States Attorney

12/13/22  FILED INDICTMENT  WARRANT ISSUED

COTT, USM