**<u>EXHIBIT C</u>**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2023

**By Email**

Bruce D. Koffsky
1150 Bedford Street
Stamford, CT 06905
E: bkoffsky@snet.net

Anthony L. Ricco
20 Vesey Street, Room 400
New York, NY 10007
E: tonyricco@aol.com

      Re:   *United States v. Boss Terrell*, **S1 22 Cr. 343 (JMF)**

Dear Mr. Koffsky and Mr. Ricco:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Defendant Boss Terrell ("the defendant") to Counts Two and Five of the above-referenced Indictment (the "Indictment").

      Count Two charges the defendant with participating in a conspiracy to commit murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(5), and carries a maximum term of imprisonment of 10 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a mandatory special assessment of $100. In addition to the foregoing, the Court must order restitution as specified below.

      Count Five charges the defendant with attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2, and carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a mandatory special assessment of $100. In addition to the foregoing, the Court must order restitution as specified below.

      The total maximum term of imprisonment on Counts Two and Five is 30 years.

2023.11.18

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (i) the conspiracy to murder Tyrone Almodovar in the Bronx, New York on or about June 26, 2020, as charged in Count Two of the Indictment; and (ii) the attempted murder and assault with a dangerous weapon of rival gang members in the Bronx, New York on or about July 29, 2020, as charged in Count Five of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with 18 U.S.C. § 3663A.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1.  The applicable Guidelines manual is the November 1, 2023 edition.

*Count Two*

2.  The Guidelines provision applicable to Count Two is U.S.S.G. § 2E1.3.

3.  Pursuant to U.S.S.G. § 2E1.3(a), the base offense level for Count Two is the greater of 12 or the offense level applicable to the underlying crime or racketeering activity.

4.  The Guidelines provision applicable to the underlying crime of conspiracy to commit murder is U.S.S.G. § 2A1.5.

5.  Pursuant to U.S.S.G. § 2A1.5(c)(1) and U.S.S.G. § 2A1.1, the base offense level is 43 because the object of the conspiracy was the first-degree murder of Tyrone Almodovar, which was completed.

*Count Five*

6.  The Guidelines provision applicable to Count Five is U.S.S.G. § 2E1.3.

7.  Pursuant to U.S.S.G. § 2E1.3(a), the base offense level for Count Five is the greater of 12 or the offense level applicable to the underlying crime or racketeering activity.

8.  The Guidelines provision applicable to the underlying crime of attempted murder is U.S.S.G. § 2A2.1.

9.  Pursuant to U.S.S.G. § 2A2.1(a)(1), the base offense level is 33 because the object of the offense would have constituted first-degree murder.

10. Pursuant to U.S.S.G. § 2E1.3(a), therefore, the base offense level for Count Five is 33.

*Grouping Analysis*

11. Pursuant to U.S.S.G. § 3D1.4, Count Two has the highest offense level and constitutes one unit.

12. Pursuant to U.S.S.G. § 3D1.4(c), the offense level for Count Five is more than nine levels less serious than offense level 43, and therefore does not count as any additional units.

13. Pursuant to U.S.S.G. § 3D1.4, the combined offense level is 43.

*Acceptance of Responsibility*

14. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 40.

**B. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history.

In accordance with the above, the defendant's Criminal History Category is I.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's Guidelines range is 292 to 365 months' imprisonment. However, because the statutorily authorized maximum sentence of 360 months' imprisonment is less than the maximum of the applicable guideline range, pursuant to U.S.S.G. § 5G1.1(c), the stipulated Guidelines range is 292 to 360 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 43, the applicable fine range is $50,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any

way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 292

to 360 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to \$500,000, and the Government agrees not to appeal any fine that is greater than or equal to \$50,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to \$200. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have

no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2023.11.18

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: Thomas John Wright

Courtney L. Heavey
Thomas John Wright
Assistant United States Attorney
(212) 637-2413 / 2295

APPROVED:

Andrew K. Chan / TJW

Andrew K. Chan
Co-Chief, Violent and Organized Crime Unit

AGREED AND CONSENTED TO:

Defendant Boss Terrell

DATE 1/26/2024

APPROVED:

Bruce D. Koffsky, Esq.
Anthony L. Ricco, Esq.
Attorneys for Defendant Boss Terrell

DATE 1/26/2024

2023.11.18